# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. 3:17-CV-00702-MOC-DSC

| | |
|---|---|
| LISA FREEMAN,<br><br>**Plaintiff,**<br><br>v.<br><br>TOWN OF ST. PAULS, NC,<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendant's Motion to Transfer Venue and Partial Motion to Dismiss" (document #4), as well as the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

On January 22, 2018, the parties filed a "Stipulation of Partial Voluntary Dismissal (as to Punitive Damages Only)" (document #7). Accordingly, Defendant's Partial Motion to Dismiss (document #4) will be <u>administratively denied as moot</u>.

Having fully considered the arguments, the record, and the applicable authority, the Court <u>grants</u> Defendant's Motion to Transfer Venue as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed as a police officer with Defendant Town of St. Pauls Police Department. She alleges that she was discharged as a result of sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, <u>et. seq.</u>, and 42 U.S.C. § 1981 ("Section 1981").

Defendant has moved pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Eastern District of North Carolina for the convenience of the parties

and witnesses and in the interests of justice. Defendant is located in the Eastern District. In support of its Motion, Defendant credibly states that all acts or omissions giving rise to Plaintiff's claims occurred in the Eastern District, and all fact witnesses and evidence are located there.

It is undisputed that Plaintiff has no ties to the Western District. She resides in the Middle District of North Carolina. Her doctor is also located in the Middle District.

In her brief in opposition, Plaintiff states that she selected this venue "in part to secure a fair trial…. And her legal counsel is located, and licensed exclusively [for federal purposes], in the Western District." Document #6 at 2. In essence, Plaintiff chose this forum because her attorney is located here.

Defendant's Motion to Transfer Venue has been fully briefed and is ripe for determination.

## II. <u>DISCUSSION</u>

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988); <u>Brock v. Entre Computer Ctrs., Inc.</u>, 933 F.2d 1253, 1257 (4th Cir.1991).

The Court must first determine whether the case could have been brought in the transferee district. The parties agree that under Title VII's venue provision, venue would be proper in any federal District in North Carolina. See 42 U.S.C. § 2000e-5(f)(3).

If venue in the transferee court is proper, as it is here, the Court must then consider the following factors in deciding whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990). In this case, Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F.Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of these factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990).

### A. Plaintiffs' Choice of Forum

Plaintiff's choice of forum is given considerable weight and, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir.1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)). See Brown v. Flowers, 297 F.Supp.2d 846, 850 (M.D.N.C.2003) (citing Collins), aff'd, 196 Fed.Appx 178 (4th Cir.2006). Defendant carries a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper. Borgwarner, Inc. v. Honeywell Intern., Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. February 11, 2008). As this Court has previously noted, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F.Supp.

725, 726-27 (W.D.N.C.1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

Here, Plaintiff has no connection to this forum other than her counsel. The Western District is neither Plaintiffs' residence nor the place where the operative events occurred. No fact witnesses or evidence are located here. This Court need not "stand as a willing repository for cases which have no real nexus to this district." Windy City Innovations, LLC v. Microsoft Corp., No. 1:15-CV-00103-GCM, 2016 WL 1048069, at *4 (W.D.N.C. Mar. 16, 2016). Transfer will generally be granted "where this district 'is neither the plaintiff's residence, nor the place where the operative events occurred.'" Id. at *2 (quoting Husqvarna AB v. Toro Co., No. 3:14-CV-103-RJC-DCK, 2015 WL 3908403, at *2 (W.D.N.C. June 25, 2015)).

The Fourth Circuit has held that the location of counsel is not a permissible consideration in the transfer analysis. In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984). See also Shaw v Apple, Inc., No. 5:17CV66-RJC-DSC, Document #67 (W.D.N.C. January 12, 2018)(transferring venue where Plaintiff's counsel was his only connection to W.D.N.C.); Blevins v. Pension Plan for Roanoke Plant Hourly Employees, No. 6:10-cv-03261-JMC, 2011 WL 2670590, at *8 (D.S.C. July 8, 2011).

The Fourth Circuit has also held that the convenience of paid expert witnesses carries no weight in the transfer analysis. In re Ralston Purina Co., 726 F.2d at 1006 n.6; see, e.g., Weishaupt v. Boston College, No. 1:11-cv-1122, 2012 WL 1439030, at *4 (M.D.N.C. Apr. 24, 2012) (disregarding the convenience of expert witnesses); NanoEntek, Inc. v. Bio-Rad Labs., Inc., No. 2:11CV427, 2011 WL 6023189, at *6 (E.D. Va. Dec. 2, 2011) (same).

Applying these legal principles, the Court finds that the Plaintiffs' choice of forum is entitled to little weight.

### B. The Residence of the Parties

Plaintiff is a resident of the Middle District of North Carolina. Defendant is located in the Eastern District. This factor favors transfer.

### C. The Relative Ease of Access to Proof

The Court finds that the bulk of the evidence is located in the Eastern District. Plaintiff's medical records are located in the Middle District. There is no evidence in this District. This factor favors transfer.

### D. The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses

Most of Defendant's witnesses are located in the Eastern District, as are third party witnesses except for Plaintiff's doctor. Defendant has shown that it will incur substantial costs if its witnesses must travel to this District. Plaintiff will incur travel expenses and other inconveniences whether this case proceeds in the Western or Eastern District. Plaintiff has not shown that this District is a more convenient venue for her fact witnesses. This factor favors transfer.

### E. Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive

Although Plaintiff and her doctor will have to travel regardless of the forum, as a whole, trial in the Eastern District of North Carolina will be less expensive. This factor favors transfer.

### F. The Administrative Difficulties of Court Congestion

Plaintiff has offered a summary table, see Document #6-1, showing that case filings in 2016 and 2017 were higher in this District as compared to the Eastern District. Plaintiff has offered no information on docket congestion per judicial officer or the average time to trial. The Court concludes that this factor slightly favors retention.

**G. The Interest in having Localized Controversies Settled at Home and the Appropriateness in having the Trial of a Diversity Case in a Forum that is at Home with the State Law that must Govern the Action**

This matter has no connection to this District. This factor favors transfer.

**H. Remaining Factors**

Plaintiff asserts that she filed her Complaint in this District "in part to secure a fair trial." (Document #6 at 2). She offers no support for her claim that she cannot obtain a fair trial in the Eastern District.

The remaining factors—the possibility of a jury view, relative advantages and obstacles to a fair trial, enforceability of a judgment, and avoiding unnecessary conflict-of-law problems—are neutral.

Having considered all of the factors individually, the Court also considers these factors cumulatively. Both quantitatively and qualitatively, these factors favor transfer. While Plaintiff chose this forum, she did so largely for the convenience of her counsel. That is not a relevant consideration. In re Ralston Purina Co., 726 F.2d at 1005.

Accordingly, the Court concludes that the interests of justice and convenience warrant granting Defendant's Motion to Transfer Venue under Section 1404(a).

### III. ORDER

**NOW IT IS THEREFORE ORDERED that**:

1. Defendant's Partial Motion to Dismiss (document #4) is **ADMINISTRATIVELY DENIED AS MOOT**.

2. "Defendant's Motion to Transfer Venue" (document #4) is **GRANTED**.

3. The Clerk is directed to hold the file in this case until fourteen days after service of this Memorandum and Order when the parties' right of appeal to the Honorable Max O. Cogburn, Jr.

expires.  If no party appeals this Order, then the Clerk is directed to transfer this case to the United States District Court for the Eastern District of North Carolina.

    4.  The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

    **SO ORDERED**.

Signed: February 5, 2018

David S. Cayer
United States Magistrate Judge